UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JOSE HERNANDEZ,

                          Petitioner,      9:04-CV-1374
                                            (TJM)(GJD)

    v.

GLENN S. GOORD,

                          Respondent.
_____

APPEARANCES:

JOSE HERNANDEZ
Petitioner, *pro se*
91-R-9193
Auburn Correctional Facility
P.O. Box 618
Auburn, New York 13024

THOMAS J. McAVOY, SENIOR DISTRICT JUDGE

## DECISION and ORDER

By prior Decision and Order of this Court, petitioner Jose Hernandez was directed to file an amended petition for habeas corpus relief if he wished to avoid dismissal of this action. Dkt. No. 3.[1]

Petitioner's amended petition is before the Court for review. Dkt. No. 10. Petitioner claims that he was wrongly denied parole release at a hearing held in September 2004. Petitioner states that the parole denial was affirmed on administrative appeal in February, 2005. *Id*. at 1-2.

28 U.S.C. § 2254 provides, in salient part:

> (b) (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be

---

[1] Petitioner's original petition did not assert specific grounds for habeas corpus relief and referred only to petitioner's state court convictions in 1991 and 1994, as to which a petition under 28 U.S.C. § 2254 appeared to be time-barred. *Id*.

>granted unless it appears that --
>
>>(A)  the applicant <u>has exhausted the remedies available in the courts of the State</u>...

28 U.S.C. § 2254(b)(1)(A) (emphasis added).  This statute "embodies the long-established principle that a state prisoner seeking federal habeas review of his conviction ordinarily must first exhaust available state remedies." *Daye v. Attorney General of the State of New York*, 696 F.2d 186, 190 (2d Cir. 1982) (en banc).  The exhaustion doctrine provides that "a habeas petitioner seeking to upset his state conviction on federal grounds must first have given the state courts a fair opportunity to pass upon his federal claim." *Id*. at 191 (citations omitted); *Thomas v. Scully*, 854 F.Supp. 944, 950 (E.D.N.Y. 1994) ("a federal court may not review the substantive merits of an applicant's claims for collateral relief unless 'the applicant has exhausted the remedies available in the courts of the State.'") (quoting *Rose v. Lundy*, 455 U.S. 509, 510 (1982)).  This requirement that federal courts not exercise habeas review unless the state courts have first had an opportunity to consider and correct any violation of federal law "expresses respect for our dual judicial system and concern for harmonious relations between the two adjudicatory institutions." *Daye*, 696 F.2d at 192 (citations omitted).

Since petitioner is challenging the September 2004 denial of parole release, the proper means to challenge such decision in the state courts is the initiation of an Article 78 proceeding, and exhaustion of that proceeding to the appellate courts. *Washington v. Thomas*, No. 03 Civ. 363, 2003 WL 21262089, at *1 (S.D.N.Y. May 29, 2003)

(petitioner who failed to file an administrative appeal and seek relief in state court via an Article 78 proceeding did not exhaust his available state remedies regarding his claim that his parole denial violated his constitutional rights).[2]

In the present case, it appears from petitioner's submissions that he has not exhausted the state court remedies available to him regarding his parole denial. Therefore, the Court must dismiss the instant petition.

WHEREFORE, it is hereby

ORDERED, that this action is dismissed without prejudice due to petitioner's failure to exhaust his state court remedies, and it is further

ORDERED, that the Clerk serve a copy of this Order upon the petitioner.

IT IS SO ORDERED.

Dated: May 9, 2005

*Thomas J. McAvoy*
Thomas J. McAvoy
Senior, U.S. District Judge

---

[2] An Article 78 proceeding may be filed within four months of the date that the determination became final on administrative appeal. See N.Y. C.P.L.R. 217.